Wm. Kile, plaintiff in error, vs. Joseph E. Thompson, adm'r, &c., defendant in error.

Where a verdict has been inadvertently rendered in a common law action, which is restrained by injunction, the Court need not set aside the verdict, but suffer it to stand—restraining all further proceedings under it, until there can be a hearing in the equity cause, unless, in the mean, time, the injunction is dissolved.

Motion to set aside verdict, and for new trial, in Fulton county.   Tried before Judge BULL, April Term, 1858.

Pending an action of ejectment, William Kile, tenant in possession of a certain lot in the city of Atlanta, filed, on the 9th July, 1857, a bill for relief, discovery and injunction, against Joseph Thompson, adm'r, et al.   Said bill was sanctioned, enjoining said action of ejectment, and a copy served personally upon the defendant, Thompson, 2d September, 1857.

At October Term, 1857, the action of ejectment was called, and defendant by his counsel moved to continue—having stated in the showing for continuance, that there was a bill pending touching the same matter, between the same parties, but said nothing about the injunction having been sanctioned and served.   He was forced to trial for want of a good showing, and a verdict obtained against him.

Defendant in ejectment was represented by A. W. Hammond & Son, but A. W. H. had left the court-house.   Immediately after the verdict was rendered, the Court adjourned to dinner.  A. W. Hammond met the counsel of Thompson at the door, and when informed what had been done, remembered that the ejectment had been enjoined.   Immediately after dinner, counsel for defendant moved to set aside the verdict, and for a new trial.   The papers showed the injunction, &c., as before stated.   A. J. Hammond stated that the facts had not occurred to him at the time of the trial; counsel for Thompson stated that they did not know of the bill of injunction, or of any bill; their clients had not apprised them of any.   The motion was directed to be put upon the motion docket, to be heard in its order.   Upon the calling of said motion at April Term, 1858, the Court refused a new trial, or to set aside the verdict—thinking this not the proper remedy; and an order discharging said motion was entered on the minutes.   Whereupon, counsel for plaintiff excepted and assign error.

Webb vs. Camp.

HAMMOND & SON, for plaintiff in error.

COOPER & BLECKLEY, *contra*.

*By the Court.*—LUMPKIN J. delivering the opinion.

We see no reason for setting aside the verdict in this case. Let it stand. Still, *no attempt should be made, under the circumstances, to enforce it,* until a final hearing under the bill, unless the Chancellor should, in the mean time, dissolve the injunction. In many cases, it would be better to suffer common law cases to progress to judgment before the injunction operates. It would prevent conflicting liens from being acquired, which would thereby obtain a priority to which they are not entitled, on account of the improper delay resulting from an injunction which should not have been granted.

Judgment affirmed.