## DUNSON v. FIRST NATIONAL BANK OF CORNELIA.

No. 9056. June 17, 1932.

*J. C. & H. E. Edwards,* for plaintiff.

*Sam Kimzey,* for defendants.

GILBERT, J.    First National Bank of Cornelia sued Mrs. Dunson on two promissory notes, one for $730.55, the other for $126.    One paragraph of the petition alleged that Mrs. Dunson was indebted to the bank in the aggregate of $856.55.    Another set out the indebtedness by describing the notes, and it was alleged that both notes were secured by a deed to land.    In the answer filed by Mrs. Dunson both paragraphs of the petition alleging the indebtedness were "admitted," but she denied that the note for $126 was secured by deed.    Subsequently the defense interposed by Mrs. Dunson was withdrawn and judgment was entered against her in favor of the bank for the principal amount sued for, with interest, attorney's fees, and costs.    Execution issued and was levied upon described land belonging to Mrs. Dunson.    Thereupon she sought injunction to restrain the progress of the levy, alleging that the judgment upon which the execution was based was void, because it was obtained through the fraud and collusion of the cashier of the bank and her husband; that the debt represented by the notes included in the judgment was the debt of her husband; that she never received any of the money, and this was known to the bank; that for this reason she had a meritorious defense to the action; that she never authorized any one to withdraw her defense; that this was done by her husband in collusion with the cashier of the bank, upon the promise of the bank to give to her husband extension of time for the payment of other money owed by him to the bank, and was a scheme between the bank and her husband to subject her and her separate

estate to suretyship for the payment of her husband's debt; that at the time the answer to the suit on the notes was filed she did not know that the fact that the money was loaned for the use of her husband constituted a good defense, and that she did not inform her attorneys of that fact at the time of filing the defense. On interlocutory hearing the injunction was refused, and she excepted.

The evidence on the hearing for the plaintiff consisted of the testimony of her husband and herself, to the effect that the money was borrowed from the bank for the use of the husband, that the bank knew this, and that Mrs. Dunson got none of it; that the withdrawal of the defense and entry of the judgment in the suit on the notes was not authorized by Mrs. Dunson; that it was done by her husband without her knowledge, and upon the promise of the bank to extend further time for the payment of other money owed by him to the bank; that the bank had agreed to a sale of the real estate to a son of Mrs. Dunson upon payment of $200 down, the balance of $800 to be represented by notes payable $50 per month; that the down payment of $200 was actually made; and that the bank then refused to go through with the agreement.

The evidence for the bank consisted of the testimony of the president and cashier, that the money was loaned directly to Mrs. Dunson, credited to her account, and withdrawn on her checks; a denial by them of the making of any agreement for the sale of the land to the son of Mrs. Dunson; and her answer in the suit on the notes, admitting liability.

As shown in the foregoing statement, it was sought to enjoin a sale pursuant to judgment rendered on the promissory notes. Answers to the suit had been filed by the defendant, and they were withdrawn. The answer set up no defense. On the contrary it expressly admitted the entire indebtedness, and moreover denied that the defendant refused to pay the same. As to a portion of the indebtedness the defendant denied that it was secured by the deed which was being foreclosed. Petitioner alleges that the answers were withdrawn by her husband without her consent, who acted in collusion with the plaintiff in the case; that the notes were not binding on her, because they were in fact given as security for her husband; that she was not aware at the time she filed her answer that a wife could not bind herself as security for her husband. On the hearing there was conflicting evidence on the question as to

whether the wife borrowed the money as principal or whether she in fact signed the note as security for her husband, of which fact the bank had knowledge. On that question, even if that question could affect the result, the discretion of the trial judge in finding against an injunction will not be controlled, it not appearing that there was any abuse of that discretion.

The sole remaining point is whether the allegation and proof that the husband in agreement with the bank caused the wife's answer to the suit against her to be dismissed without her knowledge and consent is ground for injunctive relief. The Civil Code (1910) declares: "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein judgment was rendered." § 4336. "Mere ignorance of the law on the part of the party himself, where the facts are all known, and there is no misplaced confidence, and no artifice or deception or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, will not authorize the intervention of equity." § 4575. The defendant had engaged competent and skilful attorneys to represent her in defending the suit brought by the bank. They filed an answer for her. They knew the law involved in the case. Had she stated the facts, counsel would have advised her that a wife could not bind herself as security for the husband. Reasonable diligence, therefore, would have obtained from her counsel the knowledge of her full legal rights. Having acquired that knowledge, her counsel would have made a defense to the suit which would have assured her of a legal adjudication of that question. She failed to state the facts, and accordingly the answer did not make that issue. Judgment was rendered against her, and is conclusive, because the issue which she now attempts to raise could have been raised in the suit on the note. No fraud upon her was committed by her husband and the bank when her answer was dismissed, for the plain reason that it set up no defense to the action. It would have served no purpose had it remained, because it was a plain admission on her part that she owed the debt sued for. It is argued that had the answer not been dismissed it would have been subject to amendment. Assuming that to be true, reasonable diligence on her part would have caused the answer to have been amended instead of be-

ing dismissed. If that amendment had been filed, showing to the court that she had a good defense to the action, the present case would stand in an altogether different status. It is urged in the brief that at least as to the note for $126 her answer set up as a defense that this note was not secured by the security deed. Conceding that to be true, the case as made does not show that the petitioner is harmed in any way by reason of the fact that judgment was rendered against the petitioner on that note. It does not appear from the record in any way that the judgment rendered against her carried any special lien on the land as to that note. Even if it did, it is not made to appear that she is in any way hurt. Therefore the fact that the note for $126 was not secured by the deed affords no reason why it was error for the court to refuse an injunction.

Judgment affirmed. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*

*Justice Bell took no part in the decisions of cases heretofore reported, which were argued and submitted before he became a member of this court.