## 56313. FOSKEY v. BANK OF ALAPAHA.

QUILLIAN, Presiding Judge.

The instant appeal was taken from an order following a hearing pursuant to Code Ann. § 67-705 (Ga. L. 1974, pp. 398, 401). The trial judge ordered certain past due amounts to be paid into court as well as other amounts as they became due. *Held:*

Subsection (d) of Code Ann. § 67-705 provides: "If the defendant shall fail to comply with any provisions of Section 67-705 to the detriment of plaintiff, the court shall issue a writ of possession. Issuance of said writ of possession shall not affect the merits of said case but shall only affect the right to possession pending a final decision on the merits." Citing that authority, in *Dein v. Citizens Jewelry,* 145 Ga. App. 118 (243 SE2d 286), this court held that an order entered pursuant to Code Ann. § 67-705 was not final and thus a direct appeal from such order would not lie. The recent Supreme Court case of *Sumner v. Adel Banking Co.,* 241 Ga. 563 (246 SE2d 680), points out that whether a judgment is appealable must be determined by Code Ann. § 6-701 (a) (APA; Ga. L. 1965, p. 18, as amended through Ga. L. 1975, pp. 757, 758) and Code Ann. § 81A-154 (b) (CPA; Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). The judgment here was not dispositive of the case and therefore lacks finality as required by those Code sections. Since the judgment was not final and there was no compliance with the interlocutory appeal provision of Code Ann. § 6-701 (a) 2, the appeal is subject to dismissal.

For the benefit of the parties, however, we point out at an evidentiary hearing under Code Ann. § 67-705 the trial judge only determines the "amounts actually to become due." "As to amounts past due no procedure for a hearing is provided. Thus, as we construe the Act no evidence of past due amounts should be considered and the trial judge should only determine whether there are allegations of defenses or claims which would offset amounts alleged past due." *Candler I-20 Properties v. Inn Keepers Supply Co.,* 137 Ga. App. 94, 97 (222 SE2d 881). Accord, *Jordan v. Farmers &c. Bank of South Carolina,* 138 Ga. App. 43, 44 (225 SE2d 498); *Coppage v. Mellon*

*Bank,* 142 Ga. App. 12 (2) (234 SE2d 824) (disapproved on other grounds, *Sumner v. Adel Banking Co.,* supra). The defendant is only required to pay into the registry of the trial court "all past due amounts *admitted due* for which there are no allegations of defenses or claims which, if proven, would offset said amounts alleged past due." (Emphasis supplied.) Code Ann. § 67-705 (a) (1).

*Appeal dismissed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 16, 1978.

*Elsie Higgs Griner, J. Laddie Boatright,* for appellant.

*Yancey, Perkins & Barnick, Carson Dane Perkins, Sumner & Mitchell, Douglas W. Mitchell, III,* for appellee.