59630. LOVELL v. SERVICE CONCEPT, INC. et al.

BIRDSONG, Judge.
The undisputed long and short of it is that after the plaintiff-appellant, Lovell, obtained a valid judgment in DeKalb Superior Court against Service Concept, Inc.; and within one week after she had filed and duly served garnishment proceedings against Service Concept and Roswell Bank in Fulton State Court, the appellee Roswell Bank—without motion or notice of any kind to the appellant Lovell—obtained a DeKalb Superior Court order vacating and setting aside the main money judgment and voiding, nullifying and enjoining all garnishment proceedings by Martha Lovell against the bank. Roswell Bank failed to answer the Fulton garnishment complaint and gave no notice to that court, much less to the plaintiff, that DeKalb Superior Court had set aside the main judgment. In innocent ignorance that she no longer had a valid money judgment, the plaintiff Lovell sought a default judgment on the garnishment 2-1/2 months after she first filed the garnishment; and, also unbeknowing, and thus in accordance with the pleadings, the Fulton State Court awarded the default judgment.

Thereafter—again ex parte and without notice to the plaintiff— Roswell Bank's attorneys presented the Fulton Court with an affidavit of illegality and the earlier DeKalb order vacating the main judgment and nullifying and enjoining the garnishment. Being thus faced with a certified copy of this order, the Fulton Court, ex parte, determined that it had no choice but to set aside the garnishment judgment and nullify all pending garnishment proceedings. Nearly two weeks later, the plaintiff Lovell finally learned that her original DeKalb judgment had been set aside and her Fulton State Court garnishment judgment as well. She filed in DeKalb Superior Court a motion to set aside the order which had vacated her original judgment and enjoined the Fulton garnishment proceedings, and after due notice and hearing with counsel for both

parties present, the DeKalb Court issued an order setting aside "in its entirety and declar[ing] void ab initio of no effect whatsoever" the order which had vacated the original judgment, and declaring that the original judgment "is and has been a valid enforceable judgment since its issuance nunc pro tunc."

But the Fulton Court, being formally presented with this latter DeKalb order, denied the plaintiff's motion to reinstate her default garnishment judgment and to set aside the ex parte Fulton order vacating it. The Fulton State Court acknowledged the sequence of events and the circumstances under which the plaintiff's garnishment proceedings had been so neatly eviscerated, but ruled that as a court of law, not equity, there was nothing it could do; it had no choice but to vacate the garnishment judgment when presented with the DeKalb order vacating the main judgment and nullifying and enjoining all garnishment proceedings, and could not go back in hindsight and reinstate the garnishment judgment as if the other had not occurred. Thus as neatly boxed in as by Catch 22, the plaintiff appeals and urges that the Fulton State Court erred in its ex parte order declaring plaintiff's garnishment judgment null and void when the main judgment was vacated, erred in denying plaintiff's motion to set aside that order when the main DeKalb judgment was reinstated as it "is and has been a valid enforceable judgment," and erred in declaring plaintiff's garnishment judgment null and void without notice to the plaintiff. *Held:*

We do not concern ourselves with the factual circumstances surrounding or legal principles underlying the DeKalb Court's ex parte order setting aside of the plaintiff's original judgment, and the subsequent DeKalb order declaring that prior order "void ab initio of no effect whatsoever" and declaring that the original judgment "is and has been a valid enforceable judgment." But with regards to the Fulton County garnishment proceedings, two salient points emerge.

If the defendant appellee had a valid DeKalb order vacating the main money judgment and nullifying and enjoining all garnishment proceedings, it had such order before the Fulton garnishment default judgment was rendered. Such DeKalb order was the perfect and absolute defense to the garnishment proceeding and there is no good reason why the defendant should not have made it (see *Collier v. Allen,* 128 Ga. 442, 444 (57 SE 691) and *York v. Clopton,* 32 Ga. 362, 366).

From this arises the second point in the case, which is that the plaintiff sought and the Fulton Court did issue a default judgment in garnishment when in fact the DeKalb Court had previously vacated the main money judgment. The conclusion is inescapable that the plaintiff and Fulton Court proceeded regularly and within the law

and had no notice of the DeKalb order, and that the default judgment in garnishment was therefore regular on its face when rendered. To hold otherwise is to say that courts operate in a vacuum, or worse, in the dark; and would relieve litigants of any responsibility to plead their cases according to the law. But more important, upon this second point is the inescapable conclusion that when later the defendant presented the Fulton State Court with the DeKalb order vacating its money judgment, and asked the Fulton Court to set aside the default garnishment judgment, not only was the Fulton Court aware that the DeKalb order preceded the Fulton garnishment judgment and that therefore neither plaintiff nor the Fulton court knew anything of it or they would not have sought and issued the garnishment judgment, but the second DeKalb order showed on its face no service or notice to the plaintiff of the setting aside of her judgment. It is therefore not true that as the Fulton Court finally ruled, it "had no choice" but to set aside the garnishment judgment. The fact is that it did have a choice.

While it is true that the Fulton Court was not at liberty to ignore the DeKalb order rendering void the original DeKalb money judgment (see Code § 110-709); and *Lankford v. Holton,* 78 Ga. App. 632 (51 SE2d 687), neither was it at liberty to ignore the fact that it had theretofore issued a default garnishment judgment regular on its face, and that if that judgment and the DeKalb judgment it was based on were not good, the plaintiff had no knowledge of either circumstance. The defendant's affidavit of illegality was in reality no more than a motion to set aside the default judgment, but in neither case was the alleged defect (that the DeKalb judgment was void) a non-amendable defect on the face of the garnishment record (Code § 81A-160 (d)), and in any case the plaintiff was entitled to a hearing before her garnishment judgment was set aside (Code § 81A-160 (f)). *Stamm & Co. v. Boaz Spinning Co.,* 129 Ga. App. 779, 780 (201 SE2d 480); and see *Camera Shop v. G. A. F. Corp.,* 130 Ga. App. 88, 90 (202 SE2d 241). She was especially entitled to such a hearing under the obviously questionable circumstances that her money judgment was voided without her knowledge and that now her garnishment judgment was sought to be set aside in the same way. It was therefore error for the Fulton Court to set aside appellant's default judgment without notice to her.

Even if the plaintiff had been afforded a hearing as to whether the default judgment should be set aside, the trial court would not have been authorized to set the garnishment judgment aside. The Supreme Court in *Kile v. Thompson,* 26 Ga. 352, 354, held that "where a verdict has been inadvertently rendered in a common law action, which is restrained by injunction, the Court need not set

aside the verdict, but suffer it to stand—restraining all further proceedings under it, until there can be a hearing in the equity cause, unless, in the meantime, the injunction is dissolved." In that case upon an action in ejectment by Thompson against Kile, the trial proceeded and verdict was rendered because Kile forgot to tell the court that such action had been enjoined. Thompson's attorney said he had not known of the injunction, but his client had been served with the injunction papers. With regard to the verdict, which the trial court refused to set aside, the Supreme Court said: "Let it stand. Still, no attempt should be made, under the circumstances, to enforce it, until a final hearing under the bill, unless the Chancellor should, in the meantime, dissolve the injunction. In many cases, it would be better to suffer common law cases to progress to judgment before the injunction operates. *It would prevent conflicting liens from being acquired, which would thereby obtain a priority to which they are not entitled, on account of the improper delay resulting from an injunction which should not have been granted.*" (Emphasis supplied.)

This case is in much the same posture. When, ex parte and without notice to the plaintiff Lovell, the Fulton Court was presented with the DeKalb order vacating its original money judgment, it was then apparent that the plaintiff, who had proceeded properly upon a once-valid money judgment, had had no notice of that judgment's being set aside. For a reason similar to the one that *Kile* noted—that the equity case in *Kile* was not resolved and such injunction might have been unfounded—the Fulton Court here should have reasoned that the plaintiff, who had proceeded regularly in her garnishment cause, might have something to say about her DeKalb money judgment's being set aside when once she found it out. In fact, she did; and in fact her money judgment was reinstated in an attempt by the DeKalb Court to restore the judgment as if it had never been set aside, the efficacy of which and the reasons for which we need not inquire. The result of the Fulton Court's setting aside the plaintiff's garnishment judgment is that the plaintiff was at that point painted in a corner, and we need not rule in equity or hindsight to reverse the case.

The defendant urged, and the trial court agreed, that DeKalb Superior Court could not restore its judgment nunc pro tunc because once it had been declared void, the garnishment proceedings were void, and to later restore the garnishment judgment would by hindsight violate the rule of void judgments (Code § 110-709). But this is like any case where irregularities propel the suit askew. In analyzing it, one does not reason backwards from what is askewed; one reasons forward from the irregularities, for no doubt if they had

not occurred, the case would be in an entirely different posture. If the defendant first off had answered the garnishment with proof that the money judgment had been vacated and further garnishment proceedings enjoined (see *York,* supra, fn.), and failing that, if the Fulton court had properly refused to set aside the garnishment judgment, the case would stand in an altogether different status. See similarly, *Dunson v. First Nat. Bank,* 175 Ga. 79, 82 (164 SE 815). The trial court erred in vacating the garnishment judgment in the first place and, particularly when it finally appeared that its reason for having done so was—as *Kile* suggests might happen—no good, the trial court erred in refusing to restore it. We note that we see no reason to relieve the defendant of the effect of a garnishment judgment which we have held to be valid and which defendant suffered to be entered against itself without posing any defense; and its reason for neglecting to do so (that it was relying on the fact that the DeKalb judgment was void) begs the question we have decided here today.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED MARCH 6, 1980 — DECIDED MAY 30, 1980 —

*Phillip N. Lavender, Gary R. Yates,* for appellant.
*Larry R. Wight, Maurice H. Hilliard, Jr.,* for appellees.