60118. WARD v. CHARLES D. HARDWICK COMPANY et al.

BIRDSONG, Judge.

This case arose with a petition for immediate writ of possession under Code Ann. § 67-710, filed by Charles D. Hardwick Co. ("Hardwick Co.") against Ward, who is the appellant herein.

The writ sought and obtained possession of the premises of all contents, inventory, equipment and fixtures of a grocery business which Hardwick Co. had originally sold to one McKemie, while retaining a security interest therein, and which McKemie had sold by bill of sale to appellant Ward. In the month previous to the issuance of the writ, Ward, who had been paying $200 per week to Hardwick Co. apparently under the assumption of the terms of Hardwick Co.'s security agreement, was advised by Mrs. Adamson the owner of the store that she (and not Hardwick) owned and claimed all counters, shelves, furniture, fixtures, cash registers, meat cases, refrigeration equipment and other equipment in the store. Ward immediately notified Mr. Hardwick, from whom he had subleased the building premises. According to Ward, he continued to make building rent payments to his sublessor, Mr. Hardwick, but in December, 1977, he stopped making payments on the promissory note to Hardwick Co. for the business,· because of his concern that he was paying for equipment and fixtures owned by another. He avers that he "deferred making any further payments on the promissory note balance only until the title problem could be resolved, and [he] so informed Charles D. Hardwick."

Nevertheless, on January 13, 1978, plaintiff Hardwick Co. sought and obtained the immediate writ of possession, alleging under Code Ann. § 67-701 that it was "within the power of the defendant to conceal, waste, encumber, convert, convey or remove" the property. Ward was padlocked out that day, but on January 19, he filed a motion to dissolve the immediate writ of possession pursuant to Code Ann. § 67-716. On February 2, a hearing on the motion to dissolve was held, and though no definitive ruling was made that day, the apparent ultimate result of the hearing was that the writ was not dissolved. On February 10, Ward filed answers and counterclaims to the plaintiff's petition, in summary, setting up the matters in defense heretofore described, alleging that plaintiff was not entitled to a writ of possession because plaintiff did not own all of the property, asserting fraud and deceit, and setting up counterclaims for breach of contract and warranty, wrongful foreclosure, fraud and deceit, tortious interference with defendant's business, and mental suffering; and demanding substantial actual damages and punitive damages. Defendant Ward demanded a jury trial.

On February 21, Ward filed a notice of appeal of the apparent denial of his motion to dissolve the writ, which was mailed for service to the plaintiff's attorney on February 20. However, on February 23, the property was sold at public outcry. The appeal did not ensue because the trial court declined to enter an appealable order denying defendant's motion to dissolve the writ. Instead, the trial court scheduled a further hearing on the motion for April. Eventually by order of November 8, 1978, the trial court noted that after the hearing on February 2, the court "had great difficulty in developing the whole picture in the case, and only after voluminous correspondence, with requests for documentation of issues, much wordy pleading, many motions, several briefs and several hearings [did the trial court] feel [it had] the full situation." Thereupon, in that ruling nine months after the writ had been granted, the trial court concluded as follows: that it had, in effect, on February 2 orally denied the defendant's motion to dissolve the writ and required defendant to post bond (see Code Ann. § 67-716(2)) if he wished to retain possession, which defendant had refused to do; that it was, in this November order, formally denying said motion as well as the motion to vacate the foreclosure sale which defendant had filed on April 4; that from the several hearings from February 2 until November, the trial court concluded that since "the whole defense to writ of possession hinged on breach of warranty of title by plaintiff Hardwick to Ward's vendor, with no contractual privity between . . . Hardwick and . . . Ward, the latter could not assert any breach of warranty . . . as against Hardwick, and *he had no valid defense to the foreclosure on th's ground, now or then, and the original writ of possession was allowed to proceed."* (Emphasis supplied.) The trial court concluded that: *"If we are correct in our position in not dissolving the immediate writ of possession* of January 13, 1978, and in not vacating the sale of February 23, 1978, *the only complaints left . . . for [jury] determination* are [whether the foreclosure sale was commercially reasonable; and whether the proceeds of the foreclosure sale were properly applied]." (Emphasis supplied.)

We dismissed Ward's appeal from this November, 1978 order, because no final judgment had been entered nor a certificate of immediate review granted (*Ward v..Charles D. Hardwick Co.,* 149 Ga. App. 546 (254 SE2d 872)); and see *Sumner v. Adel Banking Co.* 241 Ga. 563 (246 SE2d 680); *Foskey v. Bank of Alapaha,* 147 Ga. App. 541 (249 SE2d 346). The present appeal follows the jury's determination on the commercial reasonableness of the sale and distribution of the proceeds issues; defendant Ward does not challenge the jury's verdict or trial proceedings, but instead enumerates eleven errors concerning the order of November, 1978. *Held:*

We observed in *Lovell v. Service Concepts,* 154 Ga. App. 760 (269 SE2d 894) (1980) that in analyzing a case where irregularities propel the suit askew, "one does not reason backwards from what is skewed; one reasons forward from the irregularities, for no doubt if they had not occurred, the case would be in a different posture." The error in this case was the trial court's treatment of writ of immediate possession issues as a procedural and substantive vehicle to decide the foreclosure issues.

Correctly done, the February 2 hearing on the motion to dissolve the writ should have focused solely on whether the plaintiff had proved that he was entitled to *immediate* possession because the property was subject to waste or concealment, under Code Ann. § 67-710. If the plaintiff had not proved it, the writ perforce should have been dissolved (Code Ann. § 67-716(a)(1)); if the plaintiff had proved it, defendant Ward could still have made a bond and thus retained possession (which he did not do) (Code Ann. § 67-716(a)(2)). If the writ were dissolved in either of these two ways, the action would proceed before a jury on Hardwick's claim "as if no writ had been issued and any issue requiring trial shall be had [sic] in accordance with the procedure prescribed for civil action in courts of record" (Code Ann. § 67-716(b)). If the writ is not dissolved, as in this case, the proceedings as to the *property* would proceed in accordance with Code Ann. § 67-707, which provides for execution, levy and sale (see Code Ann. § 67-714). But as Code § 67-715 plainly provides, if the defendant has, before the sale or other disposition and within 30 days of service of the petition, appeared and filed legal and equitable defenses or counterclaims to the petitioner's *claim,* a trial of any issues requiring trial shall be had in accordance with the procedure prescribed for civil actions in courts of record. The hearing on the motion to dissolve the writ concerns only the question of entitlement to immediate possession under grounds provided in Code § 67-710. Like the writ of possession (Code §§ 67-701 through 67-708), the writ of immediate possession, whether upheld or dissolved, determines only the right to possession pending a final decision on the merits (Code § 67-715; § 67-716(b) and see § 67-705(d) and *Foskey v. Bank of Alapaha,* supra). As to who shall have possession pending a trial of the merits of the foreclosure, the statutes have established the grounds upon which plaintiff or defendant shall prevail (Code §§ 67-710; 67-716(a)); the merits of the foreclosure itself and particularly the defenses and counterclaims thereto have no actual relevancy to this question. Clearly, the defendant is entitled to his trial on the defenses to the foreclosure and his counterclaims whether he retains possession under Code § 67-716(a) or whether he perforce gives it up (Code §§ 67-716(b); 67-715). See, for the same principle involving

dispossessory proceedings, *Jelks v. World Realty,* 153 Ga. App. 720 (266 SE2d 357) (1980).

The trial court in this case apparently determined the right to immediate possession under writ, by weighing the merits of the foreclosure claim. The trial court in February effectively denied the defendant's motion to dissolve the writ. The defendant refused to post bond and the property was sold at foreclosure sale on February 23. Nevertheless, the court continued to hear the merits of the foreclosure claim for several months while ostensibly deciding whether to dissolve the writ. In other words, the trial court perceived the writ itself as being equivalent to a judgment for the plaintiff on the merits of the foreclosure, and as we have said, the two are really not normally related. The defendant, though he apparently did not realize it, acceded to the writ, but he was nevertheless entitled to the jury trial he had requested of the issues he had raised by defense and counterclaim. If he found himself fighting the merits while all the parties about him, and perhaps he himself, still thought they were establishing the propriety of the writ, still we cannot say he thereby waived his right to trial of those issues, since it is not contended that he did and we have no transcripts of the proceedings. Waiver is further belied by the assertion both in his attempted appeal of the November, 1978 order (*Ward,* supra) and in this appeal that the trial court erred in considering the merits since no motion for summary judgment had been filed.

Accordingly, we rule that it was error to rule on the merits of the foreclosure while ostensibly determining the merits of the writ of immediate possession, error to dismiss defendant's counterclaims, and error to thereby deprive defendant of his right to a trial of the issues he had raised. We reverse and remand the case to the trial court in its posture following the interposition to defendant's answer and counterclaim, for proceedings in accordance with Code Ann. § 67-715.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 4, 1980 — DECIDED SEPTEMBER 17, 1980 —
REHEARING DENIED OCTOBER 15, 1980.

*James E. Butler, Jr.,* for appellant.
*Jesse G. Bowles, III,* for appellees.