69295, 69296. CAVENDER v. FIRST NATIONAL BANK OF BRUNSWICK (two cases).
(327 SE2d 789)

POPE, Judge.

Appellant separately appeals from two orders, entered after a hearing, each granting to appellee a writ of possession of a specified motor vehicle pursuant to OCGA § 44-14-234. *Held*:

Based upon this court's opinion in *Smalls v. Harrison*, 150 Ga. App. 473 (258 SE2d 227) (1979), these consolidated appeals must be dismissed. "Issuance of a writ of possession does not affect the merits of the case but only the right to possession pending a final decision on the merits. [OCGA § 44-14-234 (4)]. There being no certificate[s] of immediate review the instant [appeals are] premature. *Foskey v. Bank of Alapaha*, 147 Ga. App. 541 (249 SE2d 346) [(1978)]; *Sumner v. Adel Banking Co.*, 241 Ga. 563 (246 SE2d 680) [(1978)]." Id. at 474. In this case, appellant filed a demand for jury trial. Therefore, after such jury trial, direct appeal is possible from the resulting entry of judgment.

"[F]or the benefit of the bench and bar we reiterate the pertinent statements contained in *Coppage v. Mellon Bank*, 142 Ga. App. 12 (2) (234 SE2d 824) [(1977)] (disapproved on other procedural grounds, *Sumner v. Adel Banking Co.*, supra). 'The defendant shall be required to pay into the registry of the court all past due amounts "admitted" due and all amounts of "unaccelerated" payments which become due after the issuance of the summons.' Thus, the defendant is not required to pay into the registry of the court *disputed* past due amounts or *accelerated* payments. Such issues must be resolved on trial and not on a hearing purportedly under [OCGA § 44-14-234]. *Jordan v. Farmers & Merchants Bank*, 138 Ga. App. 43, 44 (225 SE2d 498) [(1976)]." *Smalls v. Harrison*, supra at 474.

*Appeals dismissed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 5, 1985.

*Robert H. Baer*, for appellant.

*Alfred D. Groover*, for appellee.