### 72201. SMITH v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(344 SE2d 768)

McMURRAY, Presiding Judge.

On August 26, 1985, plaintiff General Motors Acceptance Corporation filed a petition for writ of possession, alleging that defendant Smith executed a retail installment contract in connection with the purchase of an automobile, that plaintiff acquired a security interest in the automobile as security for the loan, that defendant still owed $12,060.11 on the contract, and that defendant defaulted on the contract resulting in the whole of the unpaid balance becoming immediately due and payable.

The record contains defendant's answer and third-party complaint denying the allegations of plaintiff's petition and raising the defense of failure of consideration. We note in this connection a provision of the retail installment contract, that any holder of the contract is subject to all claims and defenses which the debtor could assert against the seller of goods obtained pursuant to the contract.

Defendant's third-party action against General Motors Corporation and Bay Pontiac-GMC, Inc. (the manufacturer and selling dealer of the automobile) alleges a number of serious defects in the automobile which make it unsafe to operate, that the third-party defendants have failed to repair the automobile pursuant to express and implied warranties, and that defendant is entitled to rescind the sale of the automobile.

Following the hearing held pursuant to OCGA § 44-14-232, the superior court entered its order stating that, contrary to a representation by counsel that defendant had filed a "counterclaim" against plaintiff and a third-party complaint against the manufacturer and selling dealer of the automobile, there was no such "counterclaim" in the file as of the date of the hearing. Defendant did not present any evidence at the hearing. The court finding an absence of any defenses or claims which if proven would amount to setoffs (see OCGA § 44-

14-234), determined that plaintiff was entitled to a writ of possession. Upon application of the defendant and third-party plaintiff, Smith, this interlocutory appeal was granted. *Held*:

The summons attached to plaintiff's petition commanded defendant to appear at a hearing on October 2, 1985, at 9:30 a.m. See OCGA § 44-14-232 (b). Plaintiff contends there was no written or oral answer by defendant. Defendant's answer and third-party complaint were filed at 9:10 a.m. on October 2, 1985, or 20 minutes prior to the scheduled time of the hearing. (The summons attached to plaintiff's petition set the hearing for 9:30 a.m. on October 2, 1985.) We find no evidence that the hearing was held prior to the time scheduled on the summons. Thus, it appears that defendant's answer was filed before the time of the hearing. See OCGA § 44-14-233. Contrary to the assertion of plaintiff, it appears, from the record, that defendant's answer and third-party complaint were also served prior to the hearing.

Thus, it appears that due to some unknown clerical problem the superior court mistakenly concluded that defendant had failed to present any defense. (Having concluded that no answer was filed the court never reached the issue of whether the defense if proven would amount to setoffs of the amounts past due. See OCGA § 44-14-234 (1) (A).) Defendant having answered and pleaded his defense, the action should have proceeded under the provisions of the Civil Practice Act ("CPA"). OCGA § 44-14-233. However characterized, the court's order granting plaintiff a writ of possession was not proper under the CPA. Also, we reject plaintiff's suggestion that the hearing under OCGA § 44-14-232 is substantially similar to a summary judgment hearing. See generally *Jordan v. Farmers &c. Bank*, 138 Ga. App. 43 (225 SE2d 498); *Cavender v. First Nat. Bank*, 173 Ga. App. 660 (327 SE2d 789). Under the particular facts and circumstances of the case sub judice the superior court erred in granting the writ of possession to plaintiff and in directing the sheriff to levy on the automobile.

*Judgment reversed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 29, 1986.

*W. Douglas Adams*, for appellant.
*Ronald C. Crawford*, for appellee.