A92A1477. WASHINGTON STATE EMPLOYEES CREDIT
UNION v. ROBINSON.
(427 SE2d 15)

POPE, Judge.

We granted plaintiff Washington State Employees Credit Union's ("WSECU") application for interlocutory appeal from the trial court's order dissolving WSECU's writ of immediate possession of a 1985 motor home.

In 1989, WSECU made a loan to Dana Delaney to allow Delaney to purchase a 1985 Fleetwood Southwind motor home. The motor home was involved in a collision in March 1991. The motor home was repaired by defendant Tammy Robinson d/b/a Custom Vans. Delaney and defendant eventually agreed that defendant would repair the motor home for $5,350. The insurer of the motor home, Northland Insurance Company, issued a draft made payable to both Delaney and Custom Vans in the amount of $5,588.30 before repairs on the motor home began. Defendant retained $2,675 of the proceeds received from the insurance company and gave the remaining proceeds to Delaney, with the alleged understanding that she needed the funds to pay for temporary housing but that she would pay the defendant the remaining $2,675 when the repairs were completed.

When the repairs were completed, Delaney failed to pay defendant the remaining funds owed. When defendant became concerned Delaney would not pay her the remaining $2,675, she contacted WSECU. While the parties dispute the amount demanded by defendant from WSECU, defendant admits she refused to release the motor home to WSECU for less than $3,700. Defendant subsequently secured a mechanic's lien against the subject motor home. WSECU filed a petition in the State Court of DeKalb County seeking a writ of immediate possession. The trial court granted the writ. Defendant then filed a motion to dissolve the writ, which the trial court also granted. The trial court ruled, however, that the subject motor home should remain in the care, custody and control of WSECU during the pendency of this case. WSECU filed this interlocutory appeal from the trial court's order dissolving the writ.

1. WSECU contends the trial court erred by dissolving the writ of immediate possession and ruling that the writ was wrongfully obtained. Defendant argues the trial court correctly dissolved the writ because the loan transaction between Delaney and WSECU is a consumer transaction. OCGA § 44-14-261 provides that "No [writ of immediate possession] shall issue on an interest arising out of a consumer transaction. . . ." Although the trial court order does not discuss the nature of the transaction, defendant presented this argument to the trial court, and we must assume the trial court considered the argument in reaching its decision to dissolve the writ. We hold

there was sufficient evidence for the trial court to find WSECU's interest in the subject motor home arose from a consumer transaction rather than a commercial transaction.

The terms commercial transaction and consumer transaction are defined in OCGA § 44-14-260. " 'Commercial transaction' means a transaction which gives rise to an obligation to pay for goods sold or leased, services rendered, or moneys loaned for use in the conduct of a business or profession and not for personal consumption." OCGA § 44-14-260 (1). " 'Consumer transaction' means the sale, lease, or rental of goods, services, or property, real or personal, primarily for personal, family or household purposes." OCGA § 44-14-260 (2). The loan agreement between Delaney and WSECU contains the following language: "The types of loans available under this loan plan include: personal loans, line of credit loans, VISA credit loans, short and long term secured consumer loans, student loans, and mortgage loans." Furthermore, the payment method specified in the loan was "payroll." In Delaney's affidavit she stated she used the motor home for business purposes, however, there is nothing in the record to indicate that WSECU knew that Delaney intended to use the motor home for business purposes at the time it made the loan to Delaney to purchase the motor home. Motor homes are generally used for personal purposes rather than commercial. Accordingly, we hold there was sufficient evidence for the trial court to conclude the loan transaction between Delaney and WSECU was a consumer transaction.

2. WSECU also contends the trial court erred by adjudicating the priority of the competing liens and declaring the defendant has a right to damages when the only proper issue before the trial court was whether the writ should be dissolved. We agree. This issue is controlled by our decision in *Ward v. Charles D. Hardwick Co.*, 156 Ga. App. 96 (274 SE2d 20) (1980). As we discussed in that case, when deciding whether a writ for immediate possession should be dissolved, the trial court must focus "*solely* on whether the plaintiff had proved that [it] was entitled to immediate possession because the property was subject to waste or concealment. . . ." (Emphasis supplied and omitted.) Id. at 98. The trial court cannot weigh the merits of the parties' claims when deciding if the writ should be dissolved. Id. at 99. It is apparent from the trial court's order that the court improperly considered the priority of WSECU's security interest and defendant's lien claim when deciding whether the writ should be dissolved. As we discussed in Division 1, the trial court's dissolution of the writ was proper because there was sufficient evidence that the loan transaction was a consumer transaction. Therefore, we hold it was harmless error for the trial court to decide the priority of the parties' claims to the motor home "while ostensibly determining the merits of the writ of immediate possession. . . ." Id.

3. The trial court also erred by holding defendant's mechanic's lien is superior to WSECU's perfected security interest in the motor home. It is not disputed that WSECU had a perfected security interest in the motor home and that it appeared on the certificate of title as the legal owner. Once perfected in Washington, WSECU's security interest remained perfected in Georgia. *United Carolina Bank v. Sistrunk*, 158 Ga. App. 107, 109 (1) (279 SE2d 272) (1981). OCGA § 40-3-54 (a) provides in relevant part: "All mechanics of every sort shall have a special lien on any vehicle required to have a certificate of title by Code Section 40-3-20 for work done, or for work done and materials furnished, or for materials furnished in repairing or servicing such vehicle. . . . Such special lien shall be superior to all liens except for taxes *and such other liens and security interests of which the mechanic had actual or constructive notice before the work was done or material furnished.* The validity of the lien against third parties shall be determined in accordance with this chapter." (Emphasis supplied.)

This enumeration is controlled by our decision in *Hull v. Transport Acceptance Corp.*, 177 Ga. App. 875 (341 SE2d 330) (1986). When, as here, a security interest is noted on the certificate of title for a vehicle, the certificate of title is deemed to provide constructive notice to future creditors of the owner, including mechanics, that the vehicle is encumbered by a security interest. It is undisputed that the repairs made by the defendant to the motor home were performed well after the certificate of title for the motor home was issued, which showed that plaintiff had a security interest in the motor home. Therefore, defendant is deemed to have constructive knowledge of plaintiff's security interest and pursuant to OCGA § 40-3-54, plaintiff's security interest takes priority over the mechanic's lien of defendant. Accord *Barnes v. General Motors Acceptance Corp.*, 191 Ga. App. 201 (3) (381 SE2d 146) (1989) and *Roberts v. International Harvester &c.*, 143 Ga. App. 206, 207 (237 SE2d 697) (1977). Accordingly, the order of the trial court is reversed with direction that another order be entered holding that WSECU's perfected security interest has priority over defendant's mechanic's lien.

4. We have considered WSECU's final enumeration of error and find it to be without merit.

*Judgment reversed with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 2, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, Albert F. Nasuti, Thomas S. Kenney,* for appellant.

*Thompson & Slagle, Jefferson B. Slagle, Gady C. Zeewy*, for appellee.