**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 22, 2013**

# In the Court of Appeals of Georgia

A12A2192. WARE v. VANDERBILT MORTGAGE & FINANCE, INC.

BRANCH, Judge.

On this pro se appeal from the trial court's grant of a writ of possession as to defendant John Ware's mobile home to plaintiff Vanderbilt Mortgage & Finance, Inc., Ware argues that the trial court erred when it granted the writ as part of a final judgment without taking account of his previous payments to Vanderbilt and when it dismissed his counterclaims. Although we conclude that the trial court did not necessarily err when it granted the writ of possession, we vacate the trial court's final judgment and remand because Ware was not provided with the proceedings mandated by OCGA § 44-14-233 (c).

The record shows that on June 27, 2001, Ware and Leigh Ann Ellington entered into a retail installment contract under which they made a down payment on a mobile home and granted the seller a secured interest in the amount of $40,374.

In March 2011, after Ware had defaulted, Vanderbilt, which had acquired the original seller's rights in the contract in 2005, began foreclosure proceedings on the mobile home under OCGA § 44-14-230 et seq. and filed a petition for a writ of possession. Ware answered the petition pro se and asserted counterclaims for racketeering, harassment, and breach of contract. Vanderbilt filed motions to strike the answer and to dismiss the counterclaims. Ware then moved to hold Vanderbilt's agents and counsel in contempt.

A noticed hearing on all pending motions was held on December 15, 2011. Vanderbilt first argued that Ware's answer should be struck as nonresponsive to the allegations in the petition. Ware responded, inter alia, that he had made all required payments, amounting to $34,670.88, and that he was not in default. After conceding that its motion to strike the answer was untimely, Vanderbilt asked the trial court to consider it nonetheless.[1] After hearing testimony, the trial court orally denied Ware's

---

[1] See OCGA § 9-11-12 (f) (a trial court may strike a pleading upon motion within 30 days of service on party or at any time on its own initiative).

motions for contempt. Vanderbilt then argued that Ware's counterclaims should be dismissed because Ware had failed to allege the predicate act required by both Georgia and federal RICO and because his breach of contract claim lacked merit. Under questioning by the trial court, Ware reasserted his allegation that Vanderbilt had not made a proper accounting of payments he had made. Vanderbilt then noted that Ware had failed to deposit any of the payments due between April 2011 (when he was served with the petition) and December 2011 into the court registry, as required by OCGA § 44-14-234. After Ware conceded that he had not made all of the required payments between April 2011 and December 2011, the trial court concluded the hearing.

Five days after the hearing, the trial court issued a written order granting Vanderbilt's motion to dismiss Ware's counterclaims and reaffirmed its earlier denial of Ware's motions for contempt. In the same order, the trial court noted Ware's concession at the hearing that he had not made some of the installment payments that had accrued since Vanderbilt filed its petition and ruled that all such overdue payments should be deposited in the court registry no later than December 29, 2011. The trial court also noted that if Ware failed to make such a deposit, he would "be subject to having his answer struck and the writ of possession . . . granted." On

December 27, 2011, Vanderbilt reminded Ware that he must deposit the amount of $2,684 by December 29, 2011. On December 29, 2011, Ware filed a motion for reconsideration arguing that he should not be forced to make what he called "accelerated payments" of amounts properly withheld or not yet due. The trial court denied Ware's motion the following day.

On January 9, 2012, Ware filed an amended answer alleging that he was current in his payments, which had amounted to more than $38,000 over the life of the loan. Vanderbilt then moved to strike the amended answer on the ground that Ware had not deposited in the court registry the amount required by the trial court. In late January, Ware filed another counterclaim for breach of contract and harassment, which Vanderbilt moved to strike as repetitive and redundant.

On April 3, 2012, and without any other hearing on the merits, the trial court issued a "final judgment" noting that Ware's "numerous filings" contained "absolutely no discernable factual allegations, let alone raise[d] any cognizable basis to otherwise oppose the relief requested" by Vanderbilt. Although the trial court did not specifically strike Ware's answer, it nonetheless concluded that Ware's asserted defenses had no merit. The trial court also noted that Ware had failed to comply with the December 2011 order requiring him to deposit sums due in the court registry,

4

"which further solidifie[d] that the relief requested by [Vanderbilt] is proper." The trial court then granted Vanderbilt a writ of possession in the mobile home, ruled that it was subject to levy, and assessed costs and fees against Ware.

Ware argues that the trial court erred when it granted the writ of possession and dismissed his counterclaims. We agree in part.

OCGA § 44-14-230 et seq. entitles the holder of a security interest in personal property, including the mobile home at issue here,[2] "to foreclose the security interest" by obtaining an execution commanding "the sale of the secured property to satisfy the amount due from the debtor, together with the costs of the proceedings to foreclose the security interest," as well as "an order directing the defendant or the party in possession to turn over . . . the property sought to be foreclosed upon . . . ." OCGA § 44-14-230 (a). After the secured party files and serves a petition for a writ of possession, the defendant "may answer either in writing or orally," in which case "a *trial of the issues shall be had* in accordance with the procedure prescribed for civil actions in courts of record." (Emphasis supplied.) OCGA § 44-14-233 (c). A

---

[2] "Except for mobile homes permanently attached to realty, mobile homes are personal property, not real property, and are governed by . . . the Motor Vehicle Certificate of Title Act and . . . the Uniform Commercial Code." (Citations omitted.) *Griswell v. Columbus Finance Co.*, 220 Ga. App. 803-804 (1) (470 SE2d 256) (1996).

5

defendant "shall be allowed to remain in possession of the secured property pending the final outcome of the litigation, *provided that the defendant complies with Code Section 44-14-234*." Id. (emphasis supplied.)

A defendant to a personal property foreclosure action may be required to pay a sum of money into the court registry in advance of a trial on the merits of a writ of possession under the interlocutory procedure set out in OCGA § 44-14-234:

> (1) Where the issue of the right of possession cannot be finally determined within two weeks from the date of service of the copy of the summons, the defendant shall be required to pay into the registry of the trial court: (A) *[a]ll past due amounts which are admitted to be due* and for which there are no allegations of defenses or claims which, if proven, would offset said amounts alleged past due; and (B) [a]ll amounts of unaccelerated *payments which become due after the issuance of the summons. . . . In the event that the amount of the payments actually due or to become due is in controversy, the court shall determine the amount to be paid into the court in the same manner as provided in paragraph (2) of this Code section*;

> (2) *If the plaintiff and the defendant disagree as to the amounts actually due or to become due, the court shall set a hearing date to determine the amount to be paid into the court.* At the hearing, the parties may submit to the court any evidence of the amounts actually due or to become due, including any security agreement and evidence of any claims or defenses

6

arising out of the same transaction, for the purpose of establishing the actual amount of the payments to be paid into the registry of the court; . . .

(4) *If the defendant fails to comply with any provision of this Code section to the detriment of the plaintiff, the court shall issue a writ of possession. The issuance of a writ of possession shall not affect the merits of the case but shall only affect the right to possession pending a final decision on the merits*; and

(5) The court shall order the clerk of the court to pay to the plaintiff the amounts paid into the registry of the court as the payments are made; provided, however, that, *if the defendant claims that he is entitled to all or a part of the funds and such claim is an issue of controversy in the litigation, the court shall order the clerk to pay to the plaintiff without delay only that portion of the funds to which the defendant has made no claim in the proceedings. That part of the funds which is a matter of controversy in the litigation shall remain in the registry of the court until a final determination of the issues.*

(Emphasis supplied.)

Because proceedings held under OCGA § 44-14-234 (2) are interlocutory in character, the merits of the matter will remain pending with the trial court. See *Foskey v. Bank of Alapaha*, 147 Ga. App. 541, 542 (249 SE2d 346) (1978) (the issuance of a writ of possession "was not dispositive of the case" because the merits remained

7

pending below). The proper subject matter of the interlocutory proceeding concerning the amount to be paid into the court registry is "past due amounts . . . *admitted* to be due" or "[a]ll amounts of unaccelerated payments *which become due after the issuance of the summons*," whether the latter are disputed or not. OCGA § 44-14-234 (1) (A) and (B), (2); *Foskey*, supra at 542; *Candler I-20 Properties v. Inn Keepers Supply Co.*, 137 Ga. App. 94, 97 (2) (222 SE2d 881) (1975).

OCGA § 44-14-234 (4) provides that even if a trial court issues an interlocutory writ of possession, its ruling "shall not affect the merits of the case but shall only affect the right to possession pending a final decision on the merits." Thus in *Ward v. Charles D. Hardwick Co.*, 156 Ga. App. 96 (274 SE2d 20) (1980), this Court reversed a trial court's final judgment including the grant of a writ of possession to a foreclosing plaintiff because the court erroneously "determined the right to immediate possession under writ[ ] by weighing the merits of the foreclosure claim." Id. at 99. As we pointed out,

> the merits of the foreclosure itself and *particularly the defenses and counterclaims* thereto have no actual relevancy to this question. Clearly, the defendant is entitled to his trial on the defenses to the foreclosure and his counterclaims whether he retains possession [to the personal property] or whether he perforce gives it up.

8

(Citations omitted; emphasis supplied.) Id. at 98-99. Even when a defendant appeared to accede to the issuance of the writ of possession at the interlocutory hearing, "he was nevertheless entitled to the jury trial he had requested of the issues he had raised by defense and counterclaim," and the defendant could not be held to have waived such a trial absent a transcript showing that he had done so. Id. at 99.

OCGA § 44-14-233 requires only that a defendant file an answer in order to obtain a trial on the merits. It is plain from the notices and transcript of the December 15, 2011 hearing – the only one held in this case – that its subject matter was the six pending motions, and not the final merits of Vanderbilt's petition for a writ of possession, which should have been reserved for a "trial of the issues . . . conducted in accordance with the procedure prescribed for civil actions in court of record." OCGA § 44-14-233 (c). It is equally plain that the same hearing did not amount to a trial, since it was neither noticed nor understood as such by the parties or the trial court, which issued a ruling only on the interlocutory matter of the registry payments at its conclusion. Nonetheless, and without holding another hearing, the trial court's final judgment ruled on the merits of Ware's answer – an action not authorized by OCGA § 44-14-234 (4) as a sanction for a defendant's failure to make such a payment – and issued a writ of possession. Because the trial court issued this final judgment without affording Ware the procedures accorded him by OCGA § 44-14-233 (c), we

9

vacate that judgment, including its grant of Vanderbilt's motion to dismiss Ware's counterclaims, and remand for a trial on the merits.

This does not mean that the trial court was powerless to issue an interlocutory writ of possession after the December 15 hearing. On the contrary, it was empowered to do so under OCGA §§ 44-14-233 (c) and 44-14-234 (4) given the evidence presented at that hearing that Ware had not made some of payments accruing after the summons and that he had paid nothing into the court registry. Likewise, OCGA § 44-14-235 authorizes a debtor seeking an appeal to retain possession of the personal property at issue only if he "complies with all the provisions of [OCGA §] 44-14-234 until the issue has been finally determined on appeal." Because the trial court had some evidence to support its conclusion that Ware had failed to deposit some part of the sum mandated by OCGA § 44-14-234 (1) into the court registry, the trial court's grant of an interlocutory writ of possession to Vanderbilt shall remain in effect pending the outcome of the remand. See *Ward*, supra at 98 (merits of foreclosure, defenses and counterclaims "have no actual relevancy" to question "[a]s to who shall have possession pending a trial"); *Deere Park*, supra at 386 (1) (reversing trial court's denial of interlocutory writ of possession "pending a final decision on the merits").

*Judgment vacated and case remanded with direction. Miller, P. J., and Ray, J., concur.*

10