# Court of Appeals
# of the State of Georgia

ATLANTA,  November 27, 2017

*The Court of Appeals hereby passes the following order:*

### A18A0351. TRIPLE C FLATBED HOLDINGS, LLC v. RYDER TRUCK RENTAL, INC.

Ryder Truck Rental, Inc. ("Ryder") filed on May 16, 2016 a verified petition for a writ of immediate possession against Triple C Flatbed Holdings, LLC ("Triple C"), alleging that Triple C had in its possession certain leased vehicles belonging to Ryder, that Triple C defaulted on its lease payments to Ryder, that Triple C was indebted to Ryder in a specified amount, and that Ryder was entitled to an immediate return of the leased vehicles; Ryder also requested any further and additional relief the court deemed proper. See OCGA § 44-14-261. That same day, upon finding that, inter alia, Ryder owned the vehicles, Triple C possessed the vehicles; and it was within Triple C's power to conceal, waste, encumber, convert or remove the leased vehicles from the court's jurisdiction, the trial court granted Ryder a "Writ of Immediate Possession and Order for Temporary Injunctive Relief," directing Triple C to turn over possession of the vehicles to the sheriff immediately and/or to advise the sheriff of the locations of the vehicles. See OCGA § 44-14-262. Triple C was served on May 17, 2016 with the verified petition and order granting the writ of immediate possession. See OCGA § 44-14-265.

On May 24, 2016, Triple C filed a petition for relief under Chapter 11 of the United States Bankruptcy Code and obtained an automatic stay. After various orders were entered in the bankruptcy court (including an order lifting the automatic stay and allowing Ryder to pursue state law remedies), Triple C filed an answer to Ryder's petition for writ of possession. In its answer, Triple C denied being in possession of some of the vehicles, denied owing Ryder money in the amount claimed, requested

judgment in its favor, and demanded a jury trial. See OCGA §§ 44-14-260, 44-14-267. The trial court has not yet conducted any further proceedings on the merits of the case.

Triple C filed this direct appeal from the trial court's order granting the writ of immediate possession and order for temporary injunctive relief. Ryder has filed a motion to dismiss the appeal, contending that the appeal is interlocutory and that Triple C failed to follow the required interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). We agree.

When it granted the writ of immediate possession and order for temporary injunctive relief, the trial court had not considered or ruled upon any of the defenses Triple C raised in its answer to Ryder's claim for a writ of immediate possession. "After the filing of such defense or counterclaim, a trial of any issue requiring a trial shall be had in accordance with the procedure prescribed for civil actions in courts of record." OCGA § 44-14-267. "[T]he writ of immediate possession, whether upheld or dissolved, determines only the right to possession pending a final decision on the merits." *Ward v. Charles D. Hardwick Co.*, 156 Ga. App. 96, 98 (274 SE2d 20) (1980).

Accordingly, the order sought to be appealed is not final, and Triple C was required to follow the interlocutory appeal procedures to obtain appellate review. See *Golden v. Gray*, 156 Ga. App. 596 (275 SE2d 162) (1980). Triple C's failure to do

so deprives this Court of jurisdiction to consider the appeal. The appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* *11/27/2017*

 *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.

 *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*