CAPITAL CITY TOBACCO COMPANY *v.* ANDERSON *et al.*

FISH, C. J. A temporary receiver was appointed for the assets of the defendant, upon the presentation of a petition, and without notice to the defendant. Subsequently other parties, by intervention, were made coplaintiffs. Upon the hearing of a motion by the defendant, the order appointing a temporary receiver was rescinded and a receivership refused, which ruling was affirmed by the Supreme Court. Later a sum of money belonging to the defendant in the hands of the temporary receiver was ordered paid to the defendant, and upon the same date, upon an application of the temporary receiver, it was ordered that he be paid a given amount for services rendered, and that the same be taxed against the original plaintiff in the case. The following was incorporated in this last order: "It is the opinion of the court that the receiver's duties are permanently ended, and that there can arise no further need for his services; but if it should ever occur that the receiver is called upon to perform any other services, he may then apply to the court for a further order in respect to additional compensation, and in respect to the question of who, and for what amount, any or all of the parties to the cause may be required to contribute to this compensation; the court holding in its breast the right, under such circumstances to determine whether any part thereof to be paid in the future, or any part of that already paid, should be contributed by the parties, or any of them, including the defendant company." The plaintiff excepted to the granting of both of these orders. The order taxing the plaintiff with the amount of the fee of the temporary receiver was excepted to on the following grounds: (*a*) The court was without jurisdiction to pass a final decree in the case at the time; (*b*) and was without jurisdiction to render judgment against plaintiff in favor of the temporary receiver while the case was pending

and before the merits of the plaintiff's case had been determined; and (c) that if the order were otherwise valid, the receiver's fee should have been taxed against the two intervenors "jointly or jointly and severally with the plaintiff." In this court the defendants in error moved to dismiss the bill of exceptions on the ground that it was prematurely sued out. *Held:*

1. The order or judgment taxing the amount of the temporary receiver's fee against the original plaintiff in the case was final as to the plaintiff. An execution could be issued upon such judgment and such fee thereby collected from plaintiff. The mere fact that the court reserved the right subsequently to require some or all of the parties to the case to contribute, in order to refund to the plaintiff a portion of the sum which it was ordered the plaintiff should pay, did not prevent the judgment from being final as to the plaintiff.

2. In an equitable action it is the province of the judge to determine upon whom costs shall fall; and this determination will not be reversed, unless the discretion of the judge be abused. Civil Code, § 5423, and cases cited in *Epps* v. *Thomas*, 131 *Ga.* 65 (61 S. E. 1117); *Fitzpatrick* v. *McGregor*, 133 *Ga.* 332 (4), 344 (65 S. E. 859). The judge's discretion was not abused in adjudging that the fee of the temporary receiver should be taxed against the plaintiff upon whose petition alone the receiver was appointed, which appointment was rescinded as improvident. The receiver having performed all his duties, for which compensation was allowed him in the order, there was no reason why he should have been required to wait until the case had been disposed of before an order should be passed for the payment of his fee; and the judge was not without jurisdiction to grant the order when he passed it.

3. The assignment of error in the bill of exceptions upon the order directing the temporary receiver to pay to the defendant below the money belonging to it, and in the hands of the receiver, is not referred to in the brief of counsel for the plaintiff in error, and will be considered as abandoned.       *Judgment affirmed. All the Justices concur.*
SEPTEMBER 24, 1912.

Taxation of receiver's fee. Before Judge Ellis. Fulton superior court. January 15, 1911.

*Moore & Pomeroy* and *Dorsey, Brewster, Howell & Heyman,* for plaintiff in error. *Wimbish & Ellis, Edgar Watkins, J. L. Anderson* and *Paul E. Johnson,* contra.