## COOPER *v.* REEVES *et al.*

1. The motion to dismiss the writ of error, on the ground that there was no final judgment in the case, on which a direct writ of error could be taken, is not sustainable.

2. On the trial of an action instituted by an administrator praying for direction by the court in the distribution of the estate of his decedent, testimony by one of the interpleading claimants, tending to show an executed contract in parol under which she was entitled to the estate, was not subject to exclusion on the objection of the other interpleaders

(the administrator not objecting) upon the ground that the witness was incompetent to give such testimony, because it was as to transactions or communications with the decedent whose administrator was a party. The administrator was not seeking a recovery, and was not interested in the result save as a stakeholder or a third party entitled to maintain a petition for interpleader.

3. After erroneously excluding the testimony just referred to, the direction of a verdict in favor of the claims of other contestants was error.

No. 4750. NOVEMBER 12, 1925. REHEARING DENIED DECEMBER 21, 1925.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. January 7, 1925.

*John R. L. Smith, Grady C. Harris,* and *J. LeConte Smith,* for plaintiff in error.

*J. E. Pottle, Sibley & Sibley, E. W. Maynard, C. A. Glawson, T. S. Felder, W. B. Gibbs, J. R. Thomas & Son, C. H. Hall, Powell & Lewis, Jackson Greer,* and *Strozier & Deaver,* contra.

GILBERT, J. The administrator of Reeves filed a petition based upon Civil Code (1910), § 4597, praying for direction of the court in the distribution of the estate. The court rendered a judgment finding that some of the contestants were entitled to inherit as heirs of the intestate, and against the contentions of other contestants, among whom was the plaintiff in error. The judgment was one properly falling within the provisions of the aforementioned code section, and did not include the final settlement of the administrator, nor judgment in favor of any of the contestants for stated sums, but left the distribution for further action of the court. The defendants in error in this court moved to dismiss the writ of error, on the ground that no final judgment had been rendered in the case which could be brought to this court for review by direct bill of exceptions.

1. The motion to dismiss the writ of error is denied. A decree may be partly final and partly interlocutory; final as to its determination of all issues of law and fact, and interlocutory as to its mode of execution. A final decree disposing of all of the substantial equities of the case, such as the conflicting claims to an estate, is not made interlocutory by the mere fact that final settlement with the rightful heirs has not been decreed. *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301); *Capital City Tobacco Co.* v. *Anderson,* 138 *Ga.* 667 (75 S. E. 1040); *Massachusetts Bonding & Insurance Co.* v. *Realty Trust Co.,* 139 *Ga.* 180 (77 S. E. 86).

2. On the trial one of the claimants to the estate (plaintiff in error in this court) offered evidence of a parol contract fully executed, under which she was entitled to the entire estate in question. At the time said testimony was given, all the other interpleaders in said cause objected to the same upon the .ground that said witness was incompetent to give the same, because James Reeves was dead and said testimony was as to transactions or communications with him. B. J. Fowler, administrator as aforesaid, did not object to said testimony and did not move to rule out the same. Pending the argument on the objection above stated, Mr. Erwin Sibley, one of counsel for Charlie Reeves, one of the interpleaders in said case, said: "We object as attorneys for the administrator, who refuses to object." The court thereupon said, "He does not object." Said Sibley was not of counsel for said administrator, and was not authorized by him to make said statement. Said administrator and Mr. H. S. Strozier, one of his counsel, were present in court at that time and throughout the trial. The court admitted said testimony over said objection. Afterwards on November 14, 1924, the court ruled out the same upon the ground above stated. To said ruling interpleader Mary Cooper then and there excepted, for the following reasons: "1. Because said case was not of such character that interpleader Mary Cooper was incompetent to testify to transactions or communications with James Reeves, although he was dead at the time of the trial, B. J. Fowler, administrator as aforesaid, not objecting thereto. 2. Because at the time of said trial Mary Cooper was not a party to said case opposite to any personal representative of James Reeves, deceased. 3. Because said case was not one instituted or defended by a personal representative of James Reeves, deceased, within the meaning of the statute relating to the competency of witnesses. 4. Because said testimony was material, and the ruling out of the same was harmful to Mary Cooper, in that the same tended, by itself and in connection with other evidence introduced as aforesaid, to support the claims alleged by her in her interpleading as amended, to wit, that said Reeves had given her all the property which passed into the custody of said Fowler as administrator as aforesaid; that by contract between her and said Reeves, fully performed on her part, all of said property became hers; and that certain property enumerated in her said interplead-

ing and in said testimony was not the property of James Reeves at the time of his death, but was her property."

The court erred in repelling this testimony. The proceeding was not a suit instituted or defended by the personal representative of the deceased person, in the sense in which the word "suit" is used in the Civil Code, § 5858, par. 1. The administrator in this proceeding was not undertaking to recover a judgment for any debt or obligation due the estate, and the administrator was not interested in the result of the proceedings; his only interest being that of a mere stakeholder, and his position being analogous to that of a third party entitled to maintain an equitable petition for interpleader. *Bland* v. *Beasley,* 138 *Ga.* 712 (76 S. E. 50); *Jasper County Bank* v. *Rainey,* 144 *Ga.* 542 (2) (87 S. E. 661); *Neal* v. *Neal,* 153 *Ga.* 44 (2) (111 S. E. 387). Such evidence was not inadmissible for any reason assigned by counsel for defendant in error, nor for any other reason of which we are aware. Moreover, if the suit could be construed as one instituted or defended by the personal representative of the deceased, such personal representative did not object to the evidence being admitted.

3. The court also directed a verdict in favor of the claims of other contestants, after having directed a verdict against the claims of Mary Cooper. The error in excluding the testimony mentioned in the next preceding division was controlling in the case, and rendered all subsequent actions erroneous, since the rights of Mary Cooper necessarily entered into and affected the rulings in favor of other contestants. It is therefore ordered that the judgment overruling the motion for a new trial be reversed, and the case be remanded to the trial court for further action consistent with the foregoing rulings.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

On motion for rehearing, and after careful consideration of all of the grounds in said motion and the authorities cited, we adhere to the judgment previously rendered. In view of the motion, however, we have withdrawn the second division of the opinion as it originally appeared, in order to fully state the details of the assignment of error and the recitals in regard thereto contained in the bill of exceptions. The evidence objected to and forming the basis of the ruling in the second division was set out as a whole in the bill of exceptions, as well as the ruling thereon, and

error was assigned thereon as we have quoted the same above. The evidence is split up into grounds of the motion for a new trial, and constitutes special grounds four to eleven, inclusive. Therefore all of these grounds of the motion for new trial are included in the assignment of error contained in the bill of exceptions upon which we ruled when the case was decided. It was not then deemed necessary to elaborate each of the aforesaid grounds of the motion for a new trial, because all of them together were included in the ruling actually made, and were controlled by that ruling. It did not appear that a repetition of each of the grounds in almost precisely the same language could add anything of importance or information to counsel in the case. Notwithstanding that fact, counsel complained in the motion for a rehearing that this court failed to decide sixteen grounds of the motion for a new trial. Of the sixteen the aforesaid four to eleven constitute eight grounds. The first three grounds are those generally referred to as the general grounds of the motion for a new trial; and where there is a reversal, as in this case, it is deemed fairer for this court to make no ruling upon these grounds. Grounds fourteen, fifteen, and sixteen of the motion for a new trial complain of the verdict directed. The ruling on these three grounds was included in the third division of the decision rendered, and necessarily followed from the ruling in the second division. This accounts for fourteen grounds of the motion for a new trial which were either necessarily or directly controlled by the rulings made, or were, in the case of the general grounds, purposely omitted from the rulings. There being sixteen grounds in all, it therefore appears that we failed to rule upon two grounds of the motion. These grounds complain of the refusal of the court to admit evidence tending to show the good character of the claimant, Mary Cooper, plaintiff in error. It will be noted that the ruling was adverse to the person, in this instance, seeking to introduce the evidence, and it was this claimant who moved for a new trial. The ruling was favorable to those claimants now insisting upon a rehearing partly on the ground that this court failed to rule upon this question. It would seem reasonable to conclude that, since no ruling was made upon that question, we find no error in the ruling of the trial judge. It would also appear that the question was fairly free from doubt; but to remove all doubt we hold that the trial judge did not err in refusing to

admit evidence tending to show good character as complained of in the twelfth and thirteenth grounds of the motion for a new trial. The mere propounding of a question to a witness, a favorable answer to which might reflect upon the character of a claimant, but where a negative answer is in fact returned, does not constitute an attack such as will permit the introduction of sustaining evidence.　　　　　　　　　　*Rehearing denied.*