### 16933.  COHEN v. BROWN.

JENKINS, P. J.  It appearing from the bill of exceptions that the judgment complained of was dated July 2, 1925, within the May term of the court, and it appearing from the certificate of the clerk of the trial court that the last day of the May term of said court was July 4, 1925, the bill of exceptions, which was tendered August 10, 1925, was not tendered within the time required by the Civil Code (1910), § 6152, and on motion must be dismissed.  This code section does not in any case authorize delay for more than thirty days after final adjournment of a term in tendering to the trial judge a bill of exceptions to a judgment rendered during the term.  *Dietz* v. *Fahy,* 107 *Ga.* 325 (33 S. E. 51); *Carter* v. *Johnson,* 112 *Ga.* 494 (2) (37 S. E. 736); *First National Bank of Forsyth* v. *Taylor,* 138 *Ga.* 119 (74 S. E. 783).  The fact that the order of the superior court to which exception is taken provides that it shall operate as a supersedeas for twenty days relates merely to the enforcement of the judgment pending a valid writ of error, and did not have the effect of changing the date of the order excepted to, or of extending the time prescribed by law within which an appeal could be taken.

*Writ of error dismissed.  Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1926.

Appeal; from Fulton superior court—Judge E. D. Thomas.  July 2, 1925.

*Efurd & Phillips,* for plaintiff in error.
*B. P. Gambrell,* contra.

---

Appeal and Error, 3 C. J. p. 1070, n. 52 New; 4 C. J. p. 271, n. 32; p. 277, n. 60.