### 36865. PRUITT *v.* JONES *et al.*

CARLISLE, J. 1. Where the trial court entered an order sustaining the demurrer and dismissing the action "on the ground that the action is barred by the statute of limitations" the order will be construed as not passing upon the other grounds of demurrer interposed (*Linder* v. *Whitehead*, 116 *Ga.* 206 (2); 42 S. E. 358; *Simpson* v. *Sanders*, 130 *Ga.* 265, 271, 60 S. E. 541; *Linam* v. *Anderson*, 12 *Ga. App.* 735 (4), 78 S. E. 424); and therefore as tacitly overruling them. Consequently, where the court thereafter, without vacating the first ruling on the demurrers, undertook to "amend" the original order entered 30 days prior thereto by adding, in substance, a statement that all other grounds of the demurrer were overruled, assuming that the amendment was within the power of the court to enter, it was not a substantial change in the judgment such as would extend the time for tendering a bill of exceptions assigning error on the sustaining of the general demurrer. Sterrett *v.* Shoemaker, 47 App. D. C., 455; Sadler *v.* Sessions, 261 Ala. 323 (1) (74 So. 2d 425); City of Newark *v.* Fischer, 3 N. J. 488 (2) (70 Atl. 2d 733); George *v.* Bekins Van & Storage Co., 83 Cal. App. 2d 478 (189 Pac. 2d 301).

2. In view of the facts set forth in the preceding headnote and under the rules of law enunciated therein, a bill of exceptions tendered more than 30 days after the entry of the first order, as therein related, was too late, and for this reason the writ of error must be

*Dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 22, 1957.

*Wyman C. Lowe,* for plaintiff in error.
*Joseph B. Kilbride,* contra.