38682.   NIKAS v. OXFORD, Commissioner.

DECIDED APRIL 21, 1961—REHEARING DENIED MAY 18, 1961.

*James M. Roberts, John P. Kanes,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Robert W. Goodman, Deputy Assistant Attorneys-General,* contra.

BELL, Judge. The only question to be determined in this case is whether the appellant's appeal to the Superior Court of Fulton County was filed within the time limit of 15 days from the date of decision by the Commissioner. *Code Ann.* § 92-8446 provides that except with respect to claims for refunds either party may appeal from any order, ruling, or finding of the Commissioner to the superior court of the county of residence of the taxpayer, and that the procedure provided by law for applying for and granting appeal from the court of ordinary to the superior court shall apply as far as suitable to the appeal authorized, except that the appeal may be filed within 15 days from the date of decision by the Commissioner. *Code* § 92-8426.4 provides that, with one exception, all matters, cases, claims, and controversies of whatever nature arising in the administration of the revenue laws, or in the exercise of the jurisdiction of the State Revenue Commissioner or the Department of Revenue shall be subject to review by the courts, as provided for by Section 92-8446. Section 92-8426.4 provides further, "The effect of this section shall be that, except as hereinafter provided, all final rulings, orders and judgments of the State Revenue Commissioner shall be subject to appeal and review under section 92-8446."

The controversy here is simply as to the effective date of the decision by the Commissioner from which the 15 days allowed for appeal are to be computed.

The Commissioner insists that the date from which the time for appeal is to be measured is the date of the first executive order, or July 26, 1960. The appellant's contention is that the date of decision is the date of the last of the series of amending executive orders, or September 12, 1960. The appeal was taken within 15 days from September 12, 1960. We have found no case in the Georgia reports exactly in point so as to

govern the issue. The Commissioner's position is that the modification of the initial executive order by the three subsequent executive orders amended or modified only with respect to the execution of his administrative judgment, and cites in support of this view the case of *Moody v. Muscogee Mfg. Co.,* 134 Ga. 721, 730 (68 S. E. 604, 20 Ann. Cas. 301), where the Supreme Court states, "A decree which settles all of the substantial equities in a case must be regarded as a finality upon such questions. A decree may be partly final and partly interlocutory; final as to its determination of all issues of fact and law, and interlocutory as to its mode of execution . . .

"Every substantial equity had been established and adjusted between the parties . . . All subsequent orders . . . related simply to the mode of executing the decree . . . The rule is well-established that a final decree disposing of the substantial equities of the case is not made interlocutory by the mere reservation of the right to direct the mode of its execution." The further contention of the Commissioner is that his three subsequent orders were, in the administrative processes, akin to orders of supersedeas in the judicial processes, citing *Cohen v. Brown,* 35 Ga. App. 508 (134 S. E. 119), in which this court held, "The fact that the order of the superior court to which exception is taken provides that it shall operate as a supersedeas for 20 days relates merely to the enforcement of the judgment pending a valid writ of error and did not have the effect of changing the date of the order excepted to, or of extending the time prescribed by law within which an appeal could be taken." It is urged that the three subsequent orders merely suspended execution of the Commissioner's administrative judgment under his initial order as to part of the penalties imposed.

We are not able to agree with this position of the Commissioner. We feel the just and correct view is that as long as the matter is under administrative consideration by the administrative agency, and where, as here, the most important part of the administrative decision, namely the postponing of the effective date of the indefinite suspension of the license, which, incidentally, was later changed to a permanent revocation and thereafter twice modified, that the date of decision under

*Code Ann.* § 92-8446 is the date of the final executive order in the series, and that the time of appeal is to be measured from the date of the last executive order.

For so long as the matter is under administrative consideration by the administrative agency, there is always the possibility that the matter may be reconsidered or in some way agreeable to all finally disposed of so as to render an appeal to the courts unnecessary. Through this period of possibility, the beleaguered party should not be deprived of the capacity to entertain hope that some administrative solution might ensue which would negate the necessity of appeal.

In this case there was the original order of indefinite suspension of the license on July 26, 1960; a drastic modification of this from indefinite suspension to cancellation on August 8, 1960; a further change in the order postponing the effective time of cancellation to September 10, 1960, and, finally, the executive order of September 12, 1960, extending the time of revocation to September 24, 1960. Under these circumstances we think the proper rule to be that, for purposes of appeal, while the administrative agency is actively considering and materially' modifying its decision in the matter before it, the time for appeal does not begin to run until the final order in the series, or unless there is an intervening appeal, in which case the superior court would take jurisdiction. This holding is in accord with the general rule which appears to be that where a judgment, order, or decree is amended or modified, the time from which the appeal must be taken is to be computed from the date of the amendment or modification. 21 A. L. R. 2d 280, 287.

We feel that here the continued modification of the original executive order in a most material fashion was tantamount to a new determination, and had the effect of superseding or vacating the earlier judgment with respect to the computation of time allowable for appeal under *Code Ann.* § 92-8446. In accord with this opinion, the final executive order of September 12, 1960, constituted the date of decision from which appeal must be taken. See *Pruitt v. Jones*, 96 Ga. App. 545 (100 S. E. 2d 632).

The trial court erred in sustaining the motion to dismiss the appeal.

*Judgment reversed. All the Judges concur, except Felton, C. J., and Jordan, J., who dissent, and Eberhardt, J., who did not participate.*

FELTON, Chief Judge, and JORDAN, Judge, dissenting. Whatever may be the right of an administrative officer to review a decision which he has made and to materially alter the findings and judgment which he has made (see Annotation 73 A. L. R. 2d 939), in this case the last order, which made a material alteration in the original finding of the Commissioner, was issued on August 8, 1960. By this order the Commissioner changed the penalty in part from an indefinite suspension of the appellant's license to a revocation of the license. We are of the opinion that this was the final material order in the case and that the time for filing an appeal began on August 8, 1960, and the licensee's right to such appeal had expired before the order of September 6th was issued. The order following the one revoking the license simply provided an extension of four days for the revocation to become effective. This last change was not a material change; it benefited the licensee; it dealt in no way with the evidence on which the order of revocation was based. It simply amounted to a supersedeas of the order of August 8th. The finality of the order of August 8, 1960, was not contingent upon anything that the licensee might or might not do in the future. Such orders as the last order related only to the enforcement of the order and did not have the effect of changing the date of the order on August 8th, or of extending the time prescribed by law within which an appeal could be taken. *Cohen v. Brown,* 35 Ga. App. 508 (134 S. E. 119); *Booth v. State,* 131 Ga. 750, 756, 757 (63 S. E. 502); *Capital City Tobacco Co. v. Anderson,* 138 Ga. 667 (75 S. E. 1040); *Massachusetts Bonding &c. Co. v. Realty Trust Co.,* 139 Ga. 180, 185 (77 S. E. 86); *Cooper v. Reeves,* 161 Ga. 232, 233 (131 S. E. 63); *Dugas v. Dugas,* 201 Ga. 190 (39 S. E. 2d 658).