### A01A2512. STANLEY et al. v. HART et al.
(562 SE2d 186)

MIKELL, Judge.

In this appeal, we affirm a judgment confirming an arbitration award. The relevant facts follow.

This litigation stems from a settlement agreement entered into in 1996 by Stephen Leigh Hart d/b/a S & H Luigi's Pizza, Inc., then a debtor in bankruptcy, and Dennis R. Stanley, a creditor. The agreement required Hart to pay Stanley $57,500, which was secured by the restaurant's assets. Hart made monthly payments totaling approximately $31,500 until August 1998, when his check for $1,000 was returned for insufficient funds. Stanley sent Hart a certified letter on September 12, 1998, stating that "continued late payments will not be tolerated." The letter did not purport to accelerate the balance due or threaten foreclosure.

On October 23, 1998, Stanley filed a petition for a writ of immediate possession pursuant to OCGA § 44-14-261, averring that Hart "justly and truly" owed him $57,500 and that Hart had ceased operating the restaurant and might convert or remove the secured property from the court's jurisdiction unless the writ was issued. The trial court issued the writ. The business was padlocked on that date. Although it is unclear from the record, it appears that Stanley abandoned the restaurant.[1]

The writ was served on November 17. On December 9, Hart filed an answer and counterclaim, asserting that his payments under the agreement had been current and that he had been wrongfully deprived of his livelihood. Hart sought $75,000 in compensatory damages and $150,000 in punitive damages. Hart also moved to dissolve the writ of possession pursuant to OCGA § 44-14-268, claiming

---

[1] The ultimate disposition of the assets is also unclear.

that Stanley had failed to provide him with notice of default or time to cure it, as required by the agreement.

The court held a hearing on Hart's motion on February 11, 1999; however, no transcript of that hearing appears in the record. On April 9, 1999, the trial court vacated the writ of possession, ruling that Stanley had violated the notice and cure provisions of the agreement and had misrepresented material facts to the court in his petition for the writ. Stanley filed an appeal, which this Court dismissed for lack of jurisdiction based on the untimely filing of the notice of appeal.

The parties readied for trial. A pretrial order entered on August 7, 2000, listed as issues for jury determination whether Hart defaulted on the agreement, whether Stanley had the right to possession of the secured property, and whether Hart was entitled to damages on the counterclaim. Alleging that the court's order vacating the writ precluded Stanley from raising the issue of the right of possession, Hart filed a motion in limine to exclude that issue from trial. The court granted the motion, ruling that only the issues raised in Hart's counterclaim remained to be decided. The parties then entered into a consent order agreeing to submit those issues to binding arbitration.

The arbitration hearing was held on the counterclaim on December 18, 2000. Based on the evidence, the arbitrator concluded that Stanley's motives in closing the restaurant were not financial, as he had abandoned the business and derived no financial benefit from it. The parties stipulated that Hart had paid Stanley $34,500 under the security agreement, leaving a balance of $23,000, which would be set off from any damages awarded to Hart. The arbitrator awarded Hart a net total of $61,578, including $31,200 in lost profits, $38,978 for converted inventory and equipment, $4,500 for rent and utilities, and $10,000 in attorney fees, less the $23,000 Hart owed Stanley. The trial court struck the award of attorney fees, holding that the parties had not agreed to submit that issue to arbitration, and entered judgment for $51,578. Significantly, Stanley did not move to vacate the award. Instead, he posted a supersedeas bond and filed this appeal.

1. Stanley argues that the trial court erred in vacating the writ of possession. Hart claims appellate review of the trial court's order is precluded by this Court's dismissal of the interim appeal for lack of jurisdiction.[2] That is incorrect.

---

[2] In an unpublished order (Case No. A99A2230, July 21, 1999), we held that the appeal was governed by OCGA § 44-7-56, which requires judgments on writs of possession in landlord-tenant disputes to be appealed within seven days. As Stanley's appeal was brought within 30 days after the trial court's judgment, we dismissed it as untimely. However, OCGA § 44-14-235 governs appeals from orders on writs of possession issued in actions to foreclose

Under OCGA § 9-11-54 (b), a judgment as to one or more but fewer than all of the claims is not a final judgment and lacks res judicata effect unless the trial court expressly directs the entry of a final judgment. *Roth v. Gulf Atlantic Media &c.*, 244 Ga. App. 677, 679 (1) (536 SE2d 577) (2000). As the court's order vacating the writ decided only the issue of possession and the counterclaim remained pending, the order was interlocutory. *Flagg v. Remco Enterprises*, 194 Ga. App. 473 (390 SE2d 895) (1990). Stanley's defective attempt to seek appellate review of that order does not preclude our consideration of the issue in this appeal. Id.

However, the fact that Stanley's appeal of the order is not procedurally barred affords him no relief. The absence of a transcript of the evidentiary hearing held on the motion to vacate the writ requires that we affirm the trial court's ruling. *Bank South v. Zweig*, 217 Ga. App. 77 (456 SE2d 257) (1995).

> The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Citation and punctuation omitted.) Id. at 79 (2).

In the case sub judice, resolution of the issues raised at the hearing required the trial court to decide questions of law and questions of fact. The only ruling we are able to review without a transcript is the court's determination that the agreement required notice of default to be sent to Hart at an address in Douglasville. Although Stanley contends otherwise, that ruling is correct. Paragraph 16 (f) mandates that any notice required by the agreement be sent to that address. Stanley's letter was sent to Hart's business address instead. As the court held, the notice was improper, and Hart was not given 15 days to cure the default, as the agreement required. In addition, the trial court found that Stanley obtained the writ of possession by misrepresenting to the presiding judge that Hart had ceased operating the restaurant. Without a transcript, we must assume that the evidence presented at the hearing supports the trial court's finding. The order vacating the writ is affirmed.

---

a security interest in personal property. That Code section does not require an appeal to be filed within seven days. Nevertheless, the result would have been the same, as the trial court's order was not a final judgment, and Stanley did not follow the interlocutory appeal procedure.

2. Stanley next contends that the trial court erred in granting the motion in limine, thus effectively denying his right to a trial on the issues of his right of foreclosure, default, adequacy of notice, and amounts due him under the agreement. As we held in *Washington State Employees Credit Union v. Robinson*, 206 Ga. App. 782, 783 (2) (427 SE2d 15) (1992), and *Ward v. Charles D. Hardwick Co.*, 156 Ga. App. 96 (274 SE2d 20) (1980), the court's sole inquiry when deciding whether to vacate a writ for immediate possession is whether the plaintiff had proved that it was entitled to immediate possession because the property was subject to waste or concealment. If the court dissolves the writ, then "the action shall proceed on the petitioner's claim as if no writ had issued; and any issue requiring trial shall be had in accordance with the procedure prescribed for civil actions in courts of record." OCGA § 44-14-268 (b). It follows that the trial court erred in granting the motion in limine because at that juncture, Stanley was entitled to a final trial on the merits. But Stanley voluntarily relinquished this right and opted for binding arbitration instead. The error was thus harmless.

Stanley argues that he agreed to arbitrate only the issues raised in the counterclaim, thus preserving other issues for trial. We do not agree. According to the arbitration decision, the parties stipulated that Hart owed Stanley $23,000, and they agreed that this sum would be set off from any damages awarded to Hart "in the interest of judicial economy and to end this litigation." "A stipulation by the parties upon which a resolution of some issue is to be made is binding. . . . Evidence contrary to the stipulation is not admissible; since it is binding, it may not be disproved." (Citations and punctuation omitted.) *Crawford v. Crump*, 223 Ga. App. 119, 122 (2) (476 SE2d 855) (1996). Stanley is bound by the stipulation and may not contest the balance due under the agreement. Moreover, the issues of sufficiency of the notice of default and of the timeliness of Hart's payments under the agreement were raised in the counterclaim. Those issues may not now be resurrected. See Division 3, infra.

3. Stanley's appeal from the judgment entered on the arbitration award presents nothing for this Court's review. A party challenging an arbitration award must file an application in the trial court to vacate it pursuant to OCGA § 9-9-13. Stanley failed to do so and is therefore precluded from contesting the award on appeal. Moreover, an arbitration award may be vacated only if one or more of the four statutory grounds set forth in OCGA § 9-9-13 (b) are found to exist, none of which are asserted here.

On appeal, as well as below, [Stanley] has not claimed corruption, fraud or misconduct, and he also has not claimed the arbitrator[ ] [was] not impartial, or that the arbitrator[ ]

overstepped [his] authority or failed to follow proper procedures. . . . Accordingly, [Stanley] cannot avoid the consequences of his agreement to the consent order.

(Citations omitted.) *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 703-704 (1) (463 SE2d 152) (1995).

4. Hart's motion for the imposition of frivolous appeal damages under OCGA § 5-6-6 is denied. Damages will not be awarded under this Code section unless the Court is "fully satisfied that the cause was taken up for delay only. . . ." (Citation and punctuation omitted.) *Warnock v. Davis*, 267 Ga. 336 (2) (478 SE2d 124) (1996). In this case, we do not find that Stanley pursued the appeal only for the purpose of delay. Accordingly, we decline to impose a frivolous appeal penalty.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 30, 2002 —
RECONSIDERATION DENIED MARCH 14, 2002.

*Ted Marcus, Steven J. Strelzik*, for appellants.
*Winn, Price & Winn, Barry R. Price, Barbara B. Stalzer*, for appellees.