A04A0708. TANAKA et al. v. PECQUEUR.
A04A0820. TANAKA v. PECQUEUR.
(601 SE2d 830)

MILLER, Judge.

This case involves the trial court's review of an arbitration award in favor of Claire Pecqueur. For the following reasons, we affirm in Case No. A04A0708, and affirm with direction in Case No. A04A0820.

On November 21, 2000, Claire Pecqueur filed a claim with the National Association of Securities Dealers, Inc. (NASD), commencing arbitration proceedings against Richard Tanaka for losses to her securities account managed by Tanaka, a securities broker. On May 15, 2002, the arbitrators entered an award in favor of Pecqueur in the amount of $190,000. On June 21, 2002, Tanaka filed an application to vacate or modify the arbitration award. On July 1, 2002, Pecqueur filed an application to confirm the arbitration award and to set aside a fraudulent conveyance from Tanaka to his wife, Kathleen.[1] Pecqueur also filed a motion for summary judgment on January 15, 2003.

On February 28, 2003, the trial court denied Tanaka's application to vacate or modify the arbitration award. Pecqueur subsequently moved to correct the February order on the grounds that it contained clerical errors and the trial court failed to rule on her counterclaim. On June 25, 2003, the trial court issued three orders. The first order purported to vacate and set aside the February 28 order on the grounds that (1) it contained clerical errors, (2) the parties were not served with or notified of the entry of the order, and (3) the court failed to consider Pecqueur's counterclaim. The second order denied Tanaka's application to vacate or modify the arbitration award, stating that the ruling and judgment were "dispositive of all claims of Plaintiff in this Action and ha[d] the effect of the grant of a Motion for Summary Judgment against Plaintiff and in favor of Defendant. . . ." The third order granted Pecqueur's motion for summary judgment to confirm the arbitrators' award.

In Case No. A04A0708, the Tanakas appeal from the trial court's grant of partial summary judgment to Pecqueur, which ruling affirmed the arbitration award in favor of Pecqueur. In Case No. A04A0820, Richard Tanaka appeals from the trial court's denial of his application to vacate or modify the arbitration award, and the court's action of vacating and setting aside the February 28, 2003 order.[2]

### Case No. A04A0820

1. In three enumerations, Tanaka argues that the trial court was without authority to vacate its February 28 order (denying Tanaka's application to vacate or modify the arbitration award). We agree.

> [A]lthough a trial judge has inherent power during the same term of court in which the judgment was rendered to revise,

---

[1] The complaint named Kathleen Tanaka as a defendant.

[2] We will first address the issues presented in Case No. A04A0820, as our holding in that case affects the analysis in Case No. A04A0708.

correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion, this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court.

(Citations and punctuation omitted.) *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001). Here, the trial court filed an order purporting to vacate the February 28 judgment on June 25, three terms following the term in which the February order was entered. See OCGA § 15-6-3 (3) (the Superior Court of Fulton County has six two-month terms of court each year, with a new term beginning on the first Monday in January, March, May, July, September, and November). Although Pecqueur argues that the trial court was only attempting to change a clerical error, which may be corrected by the court at any time (see OCGA § 9-11-60 (g)), the court conceded that it failed to consider Pecqueur's counterclaim, and *vacated* the February order.

As the court did not have authority to vacate the February 28 order outside of the term in which it was entered, the subsequent June 25 order is a nullity, and we direct the trial court to reinstate its February 28, 2003 order. As explained below, however, this holding does not require that we reverse the trial court's confirmation of the arbitration award in favor of Pecqueur.

2. In his fourth enumeration of error, Tanaka argues that the trial court erred in entering judgment against him, because the arbitrators overstepped their authority and denied him due process. Specifically, he maintains that the arbitrators "accepted evidence in piecemeal fashion which had not been exchanged pursuant to [NASD] rules." This argument is clearly without merit, however, as the very NASD rule cited by Tanaka states that "arbitrators *may* exclude from the arbitration any documents not exchanged." Therefore, it was within the discretion of the arbitrators whether to exclude such documents.

3. In his fifth enumeration of error, Tanaka argues that because the arbitrators only awarded Pecqueur $190,000, which does not correlate to the $694,448 that Pecqueur sought in her claim, such award was imperfect and should therefore be modified so that the entire award is stricken (see OCGA § 9-9-14 (b) (3) (an award shall be modified if it is imperfect in a manner of form, not affecting the merits of the controversy)). Tanaka's argument is unpersuasive. For one

thing, this claim of error ignores the fact that the arbitrators determine what award is adequate in light of the evidence, notwithstanding the amount sought by the claimant. In this connection, "a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." (Citation and punctuation omitted.) *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 387 (1) (512 SE2d 300) (1999).

Moreover, a modification cannot be substantive such that it would affect the merits of the case. *Thacker Constr. Co. v. A Betterway Rent-A-Car*, 186 Ga. App. 660, 663 (368 SE2d 178) (1988). The modification Tanaka seeks is substantive and does not fall within the category of an award that is "imperfect in a manner of form."

## Case No. A04A0708

4. In their second enumeration, the Tanakas contend that Pecqueur failed to file a compulsory counterclaim seeking to confirm the award in response to their petition to vacate or modify the arbitration award. However, this claim is belied by the record. Pecqueur did in fact file a counterclaim in response to Tanaka's application to vacate or modify the arbitration award in which she requested that the arbitration award be made the trial court's judgment, and she further filed a separate application to confirm the arbitration award.

5. The Tanakas appear to argue in their third enumeration that Pecqueur's claim for confirmation is barred by res judicata because a final judgment was entered only on Tanaka's application to vacate or modify and was silent on Pecqueur's application to confirm. The Tanakas point to Pecqueur's choice to not have her claim for confirmation addressed at the hearing on Tanaka's application. However, there can be no res judicata here, as the February 28 order,[3] although purporting to be a final judgment, left pending Pecqueur's counterclaim to confirm the arbitrators' award. Although a court may direct the entry of a final judgment to fewer than all of the claims of the parties, the court can only do so upon an express determination that there is no just reason for delay. OCGA § 9-11-54 (b); *Stanley v. Hart*, 254 Ga. App. 258, 260 (1) (562 SE2d 186) (2002). In the absence of such a determination, however, the order does not terminate the action. See OCGA § 9-11-54 (b). Since the court's order addressed only the issue of vacating or modifying the arbitration award, and Pecqueur's counterclaim remained pending, the order was interlocutory.

---

[3] We have held in Division 1 that the February 28 order should be reinstated.

See *Stanley*, supra, 254 Ga. App. at 260 (1). The trial court subsequently addressed the basis of Pecqueur's pending counterclaim in its June 25 order granting her motion for summary judgment to confirm the award. Moreover, implicit in the trial court's February 28 denial of Tanaka's application to vacate or modify the award is the granting of Pecqueur's application to confirm the award.

6. We need not address the Tanakas' first and fourth enumerations, as those same claims of error were raised in Case No. A04A0820, and have been addressed in Divisions 2 and 3 above.

*Judgment affirmed in Case No. A04A0708. Judgment affirmed and case remanded with direction in Case No. A04A0820. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 7, 2004.

*Cornelison & Ziolo, Rex P. Cornelison III, John A. Ziolo,* for appellants.
*James G. Killough,* for appellee.