## A11A0887. RIDDICK et al. v. WILLIAMS & BOWLING DEVELOPERS, LLC et al.
### (716 SE2d 776)

DILLARD, Judge.

Following the arbitration of a legal dispute related to the construction of their home, Sylvia and Dennis Riddick appeal from the trial court's denial of their application to confirm the arbitration award in their favor against Williams & Bowling Developers, LLC ("W&B") because it was filed more than a year after the award had been issued to the parties. Specifically, the Riddicks argue that the trial court erred in denying their application because it failed to take into account evidence allegedly tolling the one-year limitations period for confirming such arbitration awards. For the reasons noted infra, we affirm.

In January 2006, the Riddicks filed suit against W&B and its principals, David Bowling and Brad Williams (collectively, "appellees"), among others, claiming breach of contract for alleged defects in the construction of their home. Appellees then successfully moved to compel arbitration[1] and, following a hearing, the arbitrator issued an award on April 7, 2007 in favor of the Riddicks against W&B for $21,500. The arbitrator's award did not, however, assess any damages against Bowling and Williams individually.

Just over one year later (on April 21, 2008),[2] the trial court issued an order directing the parties to seek clarification as to whether the arbitrator had considered the Riddicks' claims against Bowling and Williams individually.[3] And while the arbitrator's response—that it had indeed considered and rejected the Riddicks' claims against the individual appellees—was dated May 28, 2008, it was apparently not received by the parties until May 6, 2009.

On January 7, 2010, nearly *three years* after the arbitration award was issued, the Riddicks filed an application to confirm the arbitrator's award. The trial court denied the motion on the ground that it was not filed in a timely manner.

On appeal, the Riddicks argue that the trial court erred in

---

[1] Bowling and Williams, individually, were not bound by the arbitration provision of the contract, but nonetheless agreed to participate in the proceedings and be bound by the arbitration award. The other named defendants in the lawsuit were not parties to the relevant contract and did not participate in the arbitration.

[2] The record contains nothing related to the arbitration from the issuance of the trial court's April 7, 2007 order until this date.

[3] As noted in footnote 1, Bowling and Williams were parties to and agreed to be bound by the arbitration proceeding. Moreover, according to the appellees' brief, the trial court's order denying confirmation of the arbitration award was preceded by the Riddicks filing a second lawsuit in state court against Bowling and Williams individually, which Bowling and Williams defended on the ground that the lawsuit was barred by their participation in a binding arbitration proceeding. No such pleadings, however, are contained within the appellate record.

concluding that they failed to timely move for confirmation of the arbitrator's award in their favor. We disagree.

Under Georgia law, "[t]he [trial] court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified *by the court* . . . ."[4] And as our Supreme Court has emphasized, compliance with this one-year limitations period by the prevailing party to an arbitration proceeding is not optional.[5] Thus, a timely filing is a "prerequisite[ ] to maintaining an arbitration confirmation action."[6]

It follows, then, that the Riddicks' motion to confirm the arbitration award—filed nearly three years after it was issued—was time barred.[7] And contrary to the Riddicks' argument, the trial court's order directing the parties to seek clarification of that award in no way changes this result.[8] Indeed, this alleged tolling event took place *after* the expiration of the one-year deadline for filing the application. Moreover, even if the trial court had directed the parties to seek clarification of the arbitrator's award within the relevant one-year limitations period, it would still be of no consequence.[9] As noted supra, the text of OCGA § 9-9-12 provides only two means of tolling the statute's one-year deadline for a prevailing party to seek confirmation of an arbitration award (i.e., a vacatur or modification of that award by the trial court), neither of which is applicable in the case sub judice. Thus, any alleged confusion as to the scope of the arbitrator's award—on either the part of the trial court or the parties—did not relieve the Riddicks of their statutorily imposed duty (as the prevailing parties) to file a timely application for confirmation of the arbitration award. Accordingly, we affirm the trial court's order.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 14, 2011.

*Louise T. Hornsby, Audrey L. Arrington-Hawkins*, for appellants.

---

[4] OCGA § 9-9-12 (emphasis supplied); *see* OCGA § 9-9-13 (governing the vacation of arbitration awards); OCGA § 9-9-14 (governing the modification of arbitration awards).

[5] *See, e.g., Hardin Constr. Group, Inc. v. Fuller Enters., Inc.*, 265 Ga. 770, 772 (462 SE2d 130) (1995) (holding "a party seeking confirmation of an arbitration award must comply with the one year time requirement"); *see also* OCGA § 9-9-12.

[6] *Hardin Constr. Group, Inc.*, 265 Ga. at 772 (emphasis omitted).

[7] *See* OCGA § 9-9-12; *Hardin Constr. Group, Inc.*, 265 Ga. at 772.

[8] It is undisputed that the Riddicks did not move to vacate or modify the award, nor was the award vacated or modified by the trial court.

[9] *Cf. Hardin Constr. Group, Inc.*, 265 Ga. at 772 ("Whether the applicable statute of limitation or other jurisdictional prerequisites have been met are issues necessarily resolved by the trial court *after* the party seeking confirmation files its application for confirmation." (footnote omitted)).

*Oliver Maner, Benjamin M. Perkins, Anderson, Tate & Carr, Donald L. Swift III, Robert M. Reeves*, for appellees.